# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III, | CASE NO: 1:11-cv-01895-LJO-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO SECTION 1915(g) AND DISMISSING ACTION WITHOUT PREJUDICE |
| v. | |
| NURSE LEMOY, et al., | |
| Defendants. | Docs. 1 & 2 |

On November 14, 2011, Plaintiff Will Moses Palmer ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 and filed a motion to proceed in forma pauperis. Docs. 1 & 2.

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff filed has three actions that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [I]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1]  Determining whether Plaintiff's actions count as strikes under § 1915(g)

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

1  requires the Court to conduct a "careful examination of the order dismissing an action, and other
2  relevant information," to determine if, in fact, "the action was dismissed because it was frivolous,
3  malicious or failed to state a claim." *Andrews*, 398 F.3d 1113 at 1121.

4  The Court takes judicial notice of the following cases which count as strikes: 1) *Palmer v.
5  Lamarque*, 3:03-cv-00956-SI (C.D. Cal.), Doc. 6 (dismissed May 16, 2003, for failure to state a
6  claim); 2) *Palmer v. Johnson*, 2:05-cv-07121-UA-E (C.D. Cal.), Doc. 2 (dismissed November 2,
7  2005, for failure to state a claim upon which relief may be granted); and 3) *Palmer v. Johnson*,
8  2:05-cv-08547-ABC (C.D. Cal.), Doc. 24 (dismissed December 1, 2006, for failure to state a claim).

9  In *Palmer v. Johnson*, 2:05-cv-08547-ABC, the Court dismissed Plaintiff's complaint with
10 prejudice because the defendant was a United States Magistrate Judge with absolute judicial
11 immunity. *See* Doc. 24. In its dismissal order, the Court noted that Plaintiff sued Magistrate Judge
12 Johnson because he did not receive the relief he hoped for in a prior habeas case. *See id.* The
13 dismissal order demonstrates that the complaint failed to state a claim and was legally frivolous
14 because the defendant had absolute judicial immunity. *See Andrews*, 398 F.3d 1113 at 1121 (for §
15 1915(g) purposes, a case "is frivolous if it is 'of little weight or importance: having no basis in law
16 or fact'"). This was the second lawsuit Plaintiff initiated against Magistrate Judge Johnson. The first
17 was dismissed for failure to state a claim upon which relief may be granted. *See Palmer v. Johnson*,
18 2:05-cv-07121-UA-E (C.D. Cal.). The Court finds that the second *Palmer v. Johnson* case,
19 2:05-cv-08547-ABC (C.D. Cal.), which was dismissed with prejudice, also failed to state a claim
20 upon which relief may be granted and was frivolous.

21 Therefore, Plaintiff has three or more strikes which occurred before Plaintiff filed this action
22 on November 14, 2011. Moreover, Plaintiff does not demonstrate that he faced imminent danger of
23 serious physical injury at the time he filed his complaint. The Court finds that Plaintiff should be
24 precluded from proceeding in forma pauperis and dismissal of Plaintiff's action is appropriate. *See*
25 *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (finding that denial of in forma pauperis
26 status under § 1915(g) mandated dismissal since a prisoner must pay the filing fee at the time of
27 initiating the suit).

28

1 | Based on the foregoing, the Court HEREBY ORDERS:

2 |     1.   Plaintiff's motion to proceed in forma pauperis is DENIED pursuant to 28
3 |          U.S.C. § 1915(g); and
4 |     2.   This action is DISMISSED without prejudice.
5 | IT IS SO ORDERED.

6 | **Dated:     January 9, 2012**                /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE